SANDRA J. HARRIS, Cal. Bar # 134153
THOMAS A. ZACCARO, Cal. Bar # 183241
MARTIN J. MURPHY, Cal. Bar # 130693
ANDREW J. DUNBAR, Cal. Bar # 203265
VICTORIA A. LEVIN, Cal. Bar # 166616

Attorneys for Plaintiff
Securities and Exchange Commission
Valerie Caproni, Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

Priority X
Send X
Enter X
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>REED E. SLATKIN,<br><br>Defendant. | Case No. CV-01-04283 R (AIJx)<br><br>[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT REED E. SLATKIN |

ENTERED
CLERK, U.S. DISTRICT COURT

JUN 7 2001

CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

Plaintiff Securities and Exchange Commission (the "Commission"), having filed and served upon Defendant Reed E. Slatkin ("Slatkin") a Summons and Complaint in this action; Slatkin having admitted service upon him of the Summons and Complaint in this action and the jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this matter; having waived the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having consented to the entry of this Judgment of Permanent Injunction and Other Relief Against Defendant Reed E. Slatkin ("Judgment") without admitting or denying the allegations in the Complaint, except as specifically set forth in the Consent of Defendant Reed E. Slatkin to Entry of Judgment of Permanent Injunction and Other Relief ("Consent"); no notice of hearing upon the entry of this Judgment being necessary; and this Court being fully advised:

I.

IT IS ORDERED, ADJUDGED AND DECREED that Slatkin and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a).

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Slatkin and his officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

   A.    employing any device, scheme, or artifice to defraud;

   B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Slatkin and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce in connection with engaging in the business of advising clients, for compensation, as to the value of securities and as to the

advisability of investing in, purchasing, or selling securities, and as such, acting as an investment adviser within the meaning of Section 202(a)(11) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-2(a)(11); in violation of Section 203(a) of the Advisers Act, 15 U.S.C. § 80b-3(a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Slatkin and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    A.    employing any device, scheme, or artifice to defraud any client or prospective client;

    B.    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

in violation of Section 206(1) and (2) of the Advisers Act, 15 U.S.C. § 80b-6(1) and (2).

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Slatkin shall pay full disgorgement in an amount subsequently to be agreed upon by both parties or to be determined by the Court, representing his gains from the conduct alleged in the Complaint, plus prejudgment interest thereon, for distribution upon further order of this Court.  In connection with any hearing to determine the appropriate amount of disgorgement, Slatkin shall not raise as a defense that he is not liable for the payment of such disgorgement because he did not violate one or more of the provisions of the Securities Act, the Exchange Act and rules thereunder, and the Advisers Act set forth in the Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Slatkin shall pay civil penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U. S.C. § 80b-9(e), in an amount subsequently to be agreed upon by both parties or to be determined by the Court. In connection with any hearing to determine the appropriate amount of civil penalties, Slatkin shall not raise as a defense that he is not liable for the payment of such civil penalties because he did not violate one or more of the provisions of the Securities Act, the Exchange Act and rules thereunder, and the Advisers Act set forth in the Judgment.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, except as otherwise ordered by this Court, or until such time as Slatkin pays full disgorgement, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living and medical expenses to be granted only upon good cause shown by application to the Court with notice to an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other real property, funds or assets, held in the name of, for the benefit of, or over which account authority is held by Slatkin or any trust, partnership, joint venture, person or entity affiliated with him, including but not limited to, accounts and real property set forth below:

| Bank Name | Account Name | Account No. |
|---|---|---|
| A.G. Edwards & Sons, Inc. | Reed Slatkin | 428-129733 |
| Banc of America Securities LLC | Reed Slatkin & Assoc. | 110-12747 |
| Banc of America Securities LLC | Reed Slatkin | 207-00813 |
| Banc of America Securities LLC | Reed Slatkin | 208-00813 |
| Banc of America Securities LLC | Reed Slatkin | 209-00010 |
| Banc of America Securities LLC | Reed Slatkin | 209-00354 |
| Banc of America Securities LLC | Reed Slatkin | 714-00138 |
| Banc of America Securities LLC | Reed Slatkin | 801-01482 |
| Credit Suisse First Boston | Reed E. Slatkin | 212-081640 |
| Credit Suisse First Boston | Reed Slatkin | 212-086904 |
| First Southwest Company | Reed Slatkin | 73833415 |
| First Southwest Company | Reed Slatkin(2) | 73833439 |
| Legg Mason Wood Walker, Inc. | Reed Slatkin | 302-17392 |

| Legg Mason Wood Walker, Inc. | Reed Slatkin | 380-00530 |
| Lehman Brothers, Inc. | Reed Slatkin | 832-23853 |
| Merrill Lynch, Inc. | Reed E. Slatkin | 236-71417 |
| Network Bank | | 715062 |
| Pacific Century Bank | | 002304473 |
| Prudential Securities, Inc. | Reed Slatkin | EAS-062681 |
| Prudential Securities, Inc. | Mr. Reed E. Slatkin | EQH-195193 |
| Prudential Securities, Inc. | Reed Slatkin | LEH-036098 |
| Prudential Securities, Inc. | Reed Slatkin | LQR-940058 |
| Robertson Stephens, Inc. | Reed Slatkin | 38000428 |
| Salomon Smith Barney, Inc. | Reed E. Slatkin | 401-00329 |
| Salomon Smith Barney, Inc. | Mr. Reed Slatkin | 414-38533 |
| S.G. Cowen Securities Corp. | Reed Slatkin | 7767-1318 |
| S.G. Cowen Securities Corp. | Reed Slatkin | 7767-1867 |
| UBS Paine Webber, Inc. | Reed Slatkin | EI35708 |
| UBS Paine Webber, Inc. | Reed Slatkin | FF19822 |
| UBS Paine Webber, Inc. | Reed Slatkin | I430038 |
| UBS Paine Webber, Inc. | Reed Slatkin | XQ04088 |
| Union Bank of California | | 0630057574 |
| Union Bank of California | | 0630061598 |
| Union Bank of California | | 0630057582 |
| Wedbush Morgan Securities | Reed Slatkin | 7592-3016 |
| Wedbush Morgan Securities | Reed Slatkin II | 7592-3018 |
| Wedbush Morgan Securities | Reed Slatkin IRA SEP | 7592-3017 |
| Wells Fargo Bank | | 0664-201274 |
| Wells Fargo Bank | | 6664-024973 |
| Wells Fargo Bank | | 0693-560492 |
| Wells Fargo Bank | | 6039-330162 |

**REAL PROPERTY**

| 4480 Via Esperanza | Santa Barbara, California. 93111 |
| 4484 Via Esperanza | Santa Barbara, California. 93111 |
| 890 North Kellogg Avenue, | Santa Barbara, California. |
| 3125 Riley Road, | Solvang, California. 93463 |

Any actions taken by any Bankruptcy Trustee ("Trustee") appointed in the action In re Reed E. Slatkin, Bankruptcy Case No. ND 01-11549-RR, in the performance of the Trustee's official duties shall be exempt from the terms of this asset freeze.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, except as otherwise ordered by this Court, Slatkin and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly:

- 6 -

destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendant Slatkin.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the representatives of the Commission are authorized to have continuing access to inspect or copy any or all of defendant Slatkin's books and records and other documents and continuing access to inspect his funds, property, assets and collateral, wherever it may be located.

## X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Slatkin shall provide all documents in his possession, custody or control to the Commission and disclose under oath all information with respect to his activities and the activities of others about which the Commission or its staff may inquire or request. Such production of documents and disclosure of information by Slatkin shall be made upon reasonable notice in writing and without service of a subpoena and subject only to the good faith assertion of any privileges recognizable pursuant to the provisions of Rule 501 of the Federal Rules of Evidence or the United States Constitution and amendments thereto. Failure to comply with the foregoing will subject Slatkin to the remedies and sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and all other available remedies.

## XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Slatkin shall prepare and deliver to the Commission, within five (5) calendar days from the date of this Order, a detailed and complete schedule of all of his assets, foreign or domestic,

including the source of such assets. The accounting shall include assets held in the name of the defendant or any trust, partnership, joint venture, person or entity affiliated with the defendant. After completion of the accounting, Slatkin shall produce to the Commission, at a time agreeable to the Commission, all books, records and other documents supporting or underlying his accountings.

## XII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of the Consent filed concurrently with this Judgment are incorporated herein with the same force and effect as if fully set forth herein and that Slatkin shall comply with his Consent.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including, but not limited to, implementing and enforcing the terms of the Judgment and all other orders and decrees which have been and may be entered, resolving the Commission's pending claims for full disgorgement, plus prejudgment interest thereon, and civil penalties, and granting such other relief as this Court may deem necessary and just.

## XIV.

There being no just reason for delay, the Clerk of the Court is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment.

DATED: _____ **JUN - 6 2001** _____

_____RONALD S. W. LEW_____
HONORABLE RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE

- 8 -

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]    U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

Telephone: (323) 965-3998 Fax: (323) 965-3908

On May 31, 2001, I served the document entitled **[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT REED E. SLATKIN** upon the parties to this action addressed as stated on the attached service list:

[X]    **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]    **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]    **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]    **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee.

[ ]    **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ]    **FAX (BY AGREEMENT ONLY):** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[ ]    **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Date:    May 31, 2001

_Magnolia M. Marcelo_
MAGNOLIA M. MARCELO

1

**<u>SEC v. REED E. SLATKIN</u>**
**United States District Court – Central District of California**
**Case No. 01-4283 RSWL (MANx)**
**(LA-1961)**

## <u>SERVICE LIST</u>

Brian A. Sun, Esq.
Frederick D. Friedman, Esq.
O'Neill, Lysaght & Sun
100 Wilshire Boulevard
Suite 700
Santa Monica, CA 90401
***Attorney for Defendant Reed E. Slatkin***